968 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peter KLOPACK, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-5659.
 United States Court of Appeals, Sixth Circuit.
 july 6, 1992.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Peter Klopack appeals from denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Klopack solicited an employee of his convenience store to assist him in burning the store to collect insurance proceeds. The individual contacted defendant's insurer and subsequently agreed to cooperate with an investigation conducted by agents of the Bureau of Alcohol, Tobacco and Firearms (ATF). ATF agents recorded conversations in which Klopack instructed the employee concerning the purchase of incendiary materials. Klopack was arrested just after midnight on March 12, 1989, while assisting the employee to sprinkle gasoline over the interior of the store. He was indicted on charges of attempted arson and solicitation to commit arson. Klopack subsequently pled guilty to the charge of attempted arson in exchange for dismissal of the other charge.
 
 
 2
 Defendant's motion to vacate his sentence challenged the sufficiency of the evidence in various respects, alleged ineffective assistance of counsel, and asserted that the district court erred in adjusting defendant's sentence upward on the basis of the specific offense characteristic that "the defendant knowingly created a substantial risk of death or serious bodily injury." United States Sentencing Commission, Guidelines Manual § 2k1.4(b)(1) (Nov. 1989).
 
 
 3
 The first and second issues raised by defendant's motion are adequately addressed in the decision of the district court. As to the third, concerning application of the sentencing guidelines, we review district court factual findings for clear error. 18 U.S.C. § 3742. The district court did not clearly err in relying upon the potential for injury to persons passing on the sidewalk or persons in adjacent buildings in concluding that defendant knew of a substantial risk that injuries might result from his acts.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation